# Alabama Midland Railway Co. v. Parker.

*Action against Railroad Company for Killing Cattle.*

1. *Railroads; liability for killing cows; conflict in evidence; affirmative charge.*—The general affirmative charge cannot be given when there is any conflict in the evidence; and in an action against a railroad company for killing a cow, when the evidence on the part of defendant was to the effect that the animal came immediately in front of the engine, and owing to darkness and the conformation of the road bed, could not be seen until it came up the embankment,while the plaintiff's testimony tended to show that the embankment at that point was so high and precipitous that the animal could not have ascended it there, the question of negligence is one for the jury—the tendencies of the evidence involving a conflict.

APPEAL from the Circuit Court of Dale.
Tried before the Hon. JESSE M. CARMICHAEL.

This was an action brought by the appellee, Joseph Parker, against the Alabama Midland Railway Company,to recover damages for the alleged negligent killing by one of the defendant's trains of a cow, the property of the plaintiff. The tendencies of the evidence are sufficiently stated in the opinion, for a full understanding of the only two assignments of error, which are based upon the refusal of the court to give the general affirmative charge requested by the defendant, and the overruling of the defendant's motion for a new trial.

There was judgment for the plaintiff and defendant appeals.

A. A. WILEY, for appellant.

ACKER & STEGALL, *contra*.

McCLELLAN, J.—The plaintiff made a *prima facie* case by showing that the cow was killed by a train of

[Perry v. Lawson.]

the defendant. The evidence for the defendant was to the effect that the animal came on the track immediately in front of the engine as if to cross over it, and so near to the engine that it was impossible to avoid striking it, and further, that it was not seen by the engineer, and, owing to the darkness and conformation of the roadbed, could not be seen until it came upon the embankment and track. In rebuttal, plaintiff's evidence tended to show that the embankment at that point was so high and its sides so precipitous that the animal could not have gotten upon the track there. On this state of case, the tendencies of the evidence involved a conflict which was properly left to the jury. The court did not err in refusing to give the affirmative charge for the defendant, nor in overruling its motion for a new trial.

Affirmed.